**No. 40322.**—Protests 902403–G, etc., of Thomas & Co. (New York).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of grinding stones similar to those the subject of *Pearson, Peppard & Co.* v. *United*

*States* (T. D. 47136). It is contended that the dictionary definitions for grindstones are broad enough to include grinding stones and that Congress did not intend to exclude all stones used or suitable for grinding purposes that were not covered by a single definition of a stone of limited use. It was found that the evidence is clear that the stones in question do not come within the classification of "a solid wheel of stone, mounted on a spindle and turned by a winch handle, by a treadle, or by machinery." *British American Tobacco Co.* v. *United States* (17 C. C. P. A. 374, T. D. 43812), *United States* v. *Baruch* (223 U. S. 191), and *United States* v. *Lilly* (14 Ct. Cust. Appls. 332, T. D. 41970) cited. The grindstones in question were held not to come within the definition as announced by the courts. The protests were therefore overruled.